Wood *vs.* The State of Georgia.

---

JOHN WOOD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Burglary is the breaking and entering the dwelling house of another with intent to commit a felony or a larceny, and the indictment must allege such intent. It is not sufficient in an indictment for burglary to allege that the defendant broke, etc., and having so entered did steal certain goods.

2. A fatal defect in an indictment cannot be taken advantage of by directing the jury to find a verdict of not guilty. The proper method before verdict is to demur, or after verdict to move in arrest of judgment.

3. A motion for a new trial on the ground that the indictment is fatally defective, though not strictly proper, will be sustained under the practice in this State.

Criminal law. Burglary. Indictment. Practice. New trial. Before Judge CLARK. Sumter Superior Court. April Term, 1872.

John Wood was placed on trial on the following indictment : " The grand jurors, sworn, chosen and selected for the county of Sumter, to-wit:   *   *   *   in the name and behalf of the citizens of Georgia, charge and accuse John Wood and Henry Wood, of the county and State aforesaid, with the offense of burglary in the night time, for that the said defendants, John Wood and Henry Wood, on the 27th day of October, 1870, in the county aforosaid, did then and there, unlawfully, and with force and arms, break and enter into the smoke-house belonging to P. V. Wessers, (the same being contiguous to and within the curtilage and protection of the dwelling house of the said Wessers,) and after entering the smoke-house did steal therefrom eighty-five pounds of bacon, consisting of sides, to the value of $18 00, the property of the said Wesser, contrary to the laws of said State, the good order, peace and dignity thereof."

The defendant pleaded not guilty.

When the case was submitted to the jury, after the witnesses for the State and defendant had been sworn, but before the examination commenced, defendant moved to take a verdict of not guilty, upon the following grounds, to-wit:

1st. Because it was not charged in said indictment that said burglary was committed in the night time; nor was it charged in said indictment that said burglary was committed in the day time.

2d. Because said indictment did not charge that said Wood broke and entered said smoke-house with intent to commit a felony or a larceny.

The motion was overruled by the Court and defendant excepted.

The jury returned a verdict of guilty.

Defendant moved for a new trial upon the following, among other grounds, to-wit:

1st. Because the Court erred in overruling the motion to take a verdict of not guilty, after said cause was submitted to the jury.

2d. Because it was not charged in said indictment that

Wood *vs.* The State of Georgia.

said defendant John Wood, broke and entered into the smoke-house with intent to commit a felony or a larceny.

The motion for a new trial was overruled, and defendant excepted and assigns said decision as error.

JOHN R. WORRILL; JACK BROWN; A. R. BROWN, for plaintiff in error.

HAWKINS and GUERRY; C. F. CRISP, Solicitor General, represented by CHARLES HUDSON, for the State.

McCAY, Judge.

The crime of burglary consists in breaking, etc., with intent to commit a felony. The intent is a material and necessary part of the crime. Breaking into a house is a mer-trespass. Stealing from a house is larceny from the house. But to make the offense of burglary there must be a breaking with intent to commit a felony, (now, or larceny.) The crime is complete, though no felony be committed. If the intent is material it is necessary to allege it. It is a prime ingredient in the offense, and an indictment fails to charge the offense of burglary unless the intent of the breaking, etc., be set forth. We know no authority for demanding a verdict on a *bad indictment.* Under our law the jury find their verdict from their own judgment, and not by direction from the Judge. We think, too, the practice is a bad one. Perhaps, on a new indictment, the Court might hold the first indictment good, and an acquittal on it a bar. Under our practice the motion for a new trial generally covers any ground that would be good in arrest of judgment. At least it has long been the practice to include in a motion for new trial such exceptions as this, and we will not disturb the practice, though strictly a motion in arrest of judgment is the proper mode of getting at such a defect as this, since if the indictment is bad, a new trial cannot be had upon it.

Judgment reversed.