## O'BRIEN *v.* THE STATE.

1. An indictment which simply charges the accused with a misdemeanor, in that he, on a day named, in a designated county, did "unlawfully sell spirituous and intoxicating liquors, contrary to the laws of said State," etc., in effect charges him with violating a law prohibiting and making penal the sale of liquors in that county; and if there be no such law, it charges him with no offense at all. Upon a trial under such an indictment, no matter what the evidence may be, the accused can not legally be convicted of a violation of a statute prohibiting and making penal the sale of such liquors within three miles of a designated church in such county, nor of a violation of a statute regulating the granting of licenses to sell intoxicating liquors by the ordinary of the county and providing a penalty for a violation of its provisions, nor of the offense of selling liquor without a license.

2. The act of February 27, 1877 (Acts of 1877, p. 33), making lawful, in any county of this State, the sale of domestic wines, in quantities of not less than one quart, by the manufacturers of the same, being a general law, and such wines being "intoxicating liquors," a subsequent act which by its terms undertakes to "prohibit the sale and furnishing of spirituous, malt, or intoxicating liquors," within the limits of a designated county, is unconstitutional. LITTLE and LEWIS, JJ., dissenting.

Argued May 15, 1899. — Decided January 24, 1900.

Indictment for selling liquor. Before Judge Reese. Warren superior court. April term, 1899.

*Horace M. Holden* and *E. T. Shurley*, for plaintiff in error. *R. H. Lewis,* solicitor-general, by *Harrison & Bryan,* contra.

FISH, J. The defendant in the court below was tried and convicted upon a special presentment which simply charged him with a misdemeanor, in that he, on the 25th day of May, 1898, did, in Warren county, "unlawfully sell spirituous and intoxicating liquors, contrary to the laws of said State," etc. He admitted that on the day named he did, in that county,

sell such liquors, but contended that he had violated no law in so doing. In view of the fact that the State, in effect, contends that under this presentment the conviction of the defendant was lawful, if his admission and the evidence in the case showed that he had violated the provisions of *any* statute in reference to the sale of such liquors which was of force in Warren county, it becomes important to first determine what is the proper legal construction of this presentment. It charged the accused with unlawfully selling spirituous and intoxicating liquors in Warren county. The charge was not that he had sold such liquors, in that county, under designated circumstances which rendered the sale unlawful, but the charge imported that a sale of such liquors in Warren county, was per se unlawful, and that the defendant, having sold them in that county, was guilty of a misdemeanor. For if a mere sale, without more, was not unlawful, and the purpose of the State was to rely for a conviction upon proof that the defendant sold such liquors in that county, at a place, or under circumstances, which, under the provisions of some particular penal statute, rendered the sale unlawful, then the presentment should have contained, in addition to the allegation that the defendant sold such liquors in Warren county, such essential averments of facts as to the place or the circumstances of the sale as, taken in connection with the sale, would show a violation of the statute in question.

1. It is an elementary rule of criminal procedure that the indictment shall contain a complete description of the offense charged, and it follows that there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment. Nor can a defective indictment be helped out by the evidence at the trial, nor be aided by argument and inference. Clark's Crim. Proc. §§ 325, 509; 1 Whar. Crim. P. & P. § 166; 10 Enc. P. & P. 473 et seq.; Black, Intox. Liq. §§ 437, 440, 448, 463, 476, 477; and cases cited by all these authorities. While, under section 929 of our Penal Code, an indictment is sufficiently technical and correct if the offense be charged in the terms and language of the code, or so plainly that the nature of the offense charged may be easily under-

stood by the jury, yet this court has frequently held that the indictment should leave nothing to inference or implication, but its statements should be so plain that a common man may without doubt or difficulty, from the language used, know what is the charge made against the accused. See cases cited under the section. As said in *Johnson* v. *State*, 90 *Ga.* 441, this section was not intended to dispense with the substance of good pleading, nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged. It is true there was a special demurrer in that case; but where the indictment fails to allege an essential element of the crime charged, such defect will not be cured by verdict, and a motion in arrest of judgment will prevail.

In *Wood* v. *State*, 46 *Ga.* 322, it was held that an indictment for burglary, which fails to charge the intent with which the accused broke and entered, is fatally defective. McCay, J., in delivering the opinion, said: "If the intent is material, it is necessary to allege it. It is a prime ingredient in the offense, and an indictment fails to charge the offense of burglary unless the intent of the breaking, etc., be set forth." In *Thomas* v. *State*, 96 *Ga.* 311, it was held that "It is indispensable to the maintenance of a conviction for larceny, that the indictment allege the ownership of the property stolen, or that the owner thereof is unknown; and the indictment failing to allege either, a motion in arrest of judgment should be sustained." In that case Atkinson, J., said: "That the goods taken and carried away should be the property of a person other than the one so taking and carrying them away, is as essential to the commission of the offense of larceny as the taking and carrying away itself. This is one of the essential ingredients of the offense inhering in the very definition of larceny." So in *Davis* v. *State*, 40 *Ga.* 229, it was held that in an indictment for larceny it is necessary to allege the value of the stolen article, and if no value be alleged the judgment will be arrested after verdict. In the case under review, the offense alleged, if there

be such an offense, is either selling spirituous and intoxicating liquors, or selling such liquors in Warren county. There is no statute of force in this State under which the sale of spirit-uous and intoxicating liquors in the State is per se unlawful. Therefore, unless there is a statute applicable to Warren county, under the provisions of which a sale of such liquors in that county is unlawful, this presentment did not allege any offense at all against the defendant. There is a special statute which, as amended, undertakes to prohibit and make penal the sale of such liquors in Warren county, and we think that a proper construction of this presentment is that it intended to charge the accused with a violation of this particular statute. See *Caldwell* v. *State*, 101 *Ga.* 557. This statute, which we will consider in the next division of this opinion, is claimed by the plaintiff in error to be unconstitutional. Counsel for the State insists that it is constitutional, but contends that, even if it be held unconstitutional, the accused was guilty of the charge made against him in the presentment, because he vio-lated the provisions of an act which makes it a misdemeanor "for any person or persons to engage in the sale of intoxicating, spirituous, or malt liquors, wines, beer, or cider within three miles of the Methodist church at Barnett, Warren county, Ga." (Acts of 1884–5, p. 547), as, under the evidence in the case, he sold spirituous and intoxicating liquors within the territory therein designated. The plaintiff in error, in reply to this, contends that this act is also unconstitutional, and, in support of this contention, cites the decision of this court in the case of *Bagley* v. *State*, 103 *Ga.* 388. While, under the decision in the *Bagley* case, there seems to be much force in this contention of the plaintiff in error, in the view which we take of this case, as indicated above, the question whether this act is or is not constitutional is not before us, for the simple reason that the defendant in the court below was not charged with a violation of its provisions.

The accused was charged with a misdemeanor, in that, in Warren county, he unlawfully sold spirituous and intoxicating liquors. He was not charged with a misdemeanor, in that he, in Warren county, sold such liquors within three miles of the

Methodist church at Barnett, nor was there anything whatever in the presentment which indicated a purpose on the part of the State to charge him with a violation of the provisions of this particular statute.　It is true that, if this act is constitutional, and he did in Warren county sell spirituous and intoxicating liquors within three miles of this church, he would, in a general sense, have unlawfully sold such liquors in Warren county; but, as we have seen, he could not legally be convicted of the distinct offense of selling such liquors within three miles of the Methodist church at Barnett, under a presentment which did not charge him with this particular offense. With as much reason the State might claim the right to convict the accused, under this presentment, if by the evidence it were shown that he had sold liquor, in Warren county, on an election day, or to a person intoxicated, or to a minor without the written consent of his parent or guardian, or that he had, in that county, violated any other law in reference to the sale of such liquors, which was of force therein; for, in either event, he would have unlawfully sold liquor in Warren county.　The State can not be permitted to formulate a general charge of this character and, under its cover, sweep the whole range of the criminal liquor statutes, in an effort to prove that the accused has violated some one of them.　To allow the State to do this would put the defendant to a great disadvantage.　The indictment against him would only put him upon notice that the State expected to prove that he had violated some one of the various penal statutes in reference to the sale of liquor, but what particular charge, or charges, the prosecution would spring on him during the progress of the trial he would have no means of ascertaining.　An indictment should be sufficiently certain to put the defendant upon notice of the nature of the offense charged, in order that he may prepare to meet the charge against him, and to enable him to plead any judgment which may be rendered in the case as a bar to any subsequent prosecution for the same offense.　The present case well illustrates how unfair to a defendant it would be to allow the prosecution to pursue such a course as this.　For counsel for the State contends, first, that,

under the admission of the defendant in the court below, it was shown that he had violated a statute which makes it unlawful to sell spirituous or intoxicating liquors anywhere in Warren county; second, that if the conviction can not be sustained under this statute, it was proved that he was guilty of having violated another statute which makes it a misdemeanor to sell liquor within three miles of the Methodist church at Barnett; third, that if the conviction can not stand under either of these statutes, the evidence showed that the defendant violated the law against selling liquor without a license; fourth, that if none of these positions is tenable, the testimony showed that he violated the provisions of an act approved February 28, 1874, which prescribes upon what conditions licenses to sell liquors can be granted by the ordinary of Warren county, and provides a penalty for a violation of its provisions, and that the conviction should be upheld under this last-mentioned statute. Under the authorities cited, such contentions are manifestly unsound. Such offenses are so different in their material elements that a conviction or an acquittal of one of them could not be pleaded in bar of a prosecution for another. *Smith* v. *State,* 105 *Ga.* 724. We hold that the legal effect of the presentment under which the accused was tried was to charge him with having violated a law prohibiting the sale of spirituous and intoxicating liquors anywhere in Warren county; and a general verdict of guilty rendered upon such a presentment can apply only to this charge. .

2. Is there any law prohibiting the sale of spirituous and intoxicating liquors in Warren county? It is not pretended that the provisions of the general local option liquor law have ever become operative in that county. The legislature has, however, undertaken to prohibit the sale of intoxicating liquors in that county. In 1882 the General Assembly passed an act entitled, " An act to prohibit the sale and furnishing of spirituous, malt, or other intoxicating liquors in the county of Warren, and to provide a punishment for a violation of the same, and for other purposes"; which was approved by the Governor on December 12, of that year. By a proviso to this act, the 159th district, G. M., of that county, in which district the town of Barnett is

situated, was exempted from the operation of this act, until the act should be ratified by the voters residing in the district, at an election held for that purpose. It appears from the evidence in the case that no such election has ever been held. In 1897 the legislature amended this act by striking this proviso therefrom. The State contends that since the passage of the amendatory act the sale of spirituous and intoxicating liquor has been unlawful in any part of Warren county. The plaintiff in error contends that the original act of December 12, 1882, is unconstitutional for the same reason that this court, in *Papworth* v. *State*, 103 *Ga.* 36, held an act which undertook to entirely prohibit the sale of intoxicating liquors in Irwin county to be unconstitutional. In the *Papworth* case it was held that, "There being on the 26th day of September, 1879, a general law of force in this State, rendering lawful, in any county thereof, sales of domestic wines, in quantities of not less than one quart, by the manufacturers of the same (Acts of 1877, p. 33), and such wines being 'intoxicating liquors,' an act approved on the day above mentioned, which by its terms undertook to 'entirely prohibit the sale of spirituous or intoxicating liquors,' within the limits of a designated county, was unconstitutional. As its effect would be to render penal, in that county, all sales of domestic wines, it was violative of that clause of the constitution prohibiting special legislation in any case for which provision has been made by an existing general law." The act of 1877 herein referred to was of force on December 12, 1882, and for that matter is still of force, in this State. The act now under consideration undertook by its terms to immediately prohibit the sale of spirituous, malt, or other intoxicating liquors in all of Warren county except one district thereof, and to prohibit the sale and furnishing of such liquors in that district also whenever the act should be ratified by the voters of the district. By the amendatory act the prohibition provided for in the original act is made to apply to the whole county. It is very apparent that, under the decision just cited, this act is unconstitutional. With but very slight and immaterial alterations, the headnotes and opinion in the *Papworth* case would precisely fit the present case, so

far as the point now under consideration is concerned. As there is no valid law which prohibits and makes penal the sale of spirituous and intoxicating liquors in Warren county, it necessarily follows that the verdict finding the accused guilty was contrary to law, and the trial judge erred in not granting a new trial.

*Judgment reversed.  All the Justices concurring, except Little and Lewis, JJ., who dissent.*

LEWIS, J.  I agree with Justice Little in the views expressed in his dissenting opinion in the case of *Papworth* v. *State*, 103 *Ga.* 39–42, and hence with him dissent from the opinion of the majority of the court in this case.  Since the decision in the *Papworth* case was rendered, this court, in the case of *Loid* v. *State*, 104 *Ga.* 726, decided that it can not take judicial cognizance of the fact that domestic blackberry wine is necessarily intoxicating.  It was held error in that case because the court below did not submit that as a question of fact for the jury to pass upon.  I can not see, therefore, how it can be ruled by the court, as a matter of law, that the word "intoxicating" in an act necessarily includes domestic wine.  There is no more reason for saying domestic blackberry wine is not included in the words "intoxicating liquors" than there is in saying that domestic grape wine is not so included.  But even conceding that the views of the majority of my brethren are correct, that the local act in question by the use of the words "intoxicating liquors" necessarily included domestic wines, I think the views of the majority are based upon a misconception of the true meaning of that provision in the constitution which prohibits special legislation in any case for which provision has been made by an existing general law.  Before a local act becomes obnoxious to this clause in the constitution, there must be some general law which either provides substantially for the same thing sought by the local act, or which provides some means for obtaining the local relief sought other than by local legislation.  The constitution does not declare or intimate there shall be no local legislation for a county the effect of which would be to suspend the operation of a general law in that county.  Legislation touching the liquor traffic is founded

upon the police power of the State, and that power is constantly exercised with reference to particular localities in a State, changing in such localities the operation of the general law. This system doubtless proceeds on the policy that it is often the case that certain police regulation is required for one community, city or county, on account of its peculiar environments, which is not generally demanded throughout the State. Now the purpose of the constitution was simply to declare that no special legislation should be had touching matters for which substantially the same relief can be obtained by virtue of a general law. But if there be no general law making provision for such relief, then a local act on the subject is not violative of the provision in the constitution. The object of a local law is really to substitute for a certain locality something in lieu of, and entirely different from, what is provided in the general law. This is certainly true of local legislation with reference to the sale of liquor. There has always been some general law touching the liquor traffic in Georgia. If the domestic wine act of 1877 had never been passed, this local law for Warren county would have amounted to a repeal of the general liquor law on the subject of permitting by license the sale of intoxicants. This court has decided that the "local option law" is a general law, and, therefore, a local act prohibiting the sale in a county, passed after the local option measure, is unconstitutional. Why? Simply because the general local option law made provision for the accomplishment of the same thing, to wit, prohibition of the liquor traffic by an election. But in this case there was no provision in the domestic wine law, nor was there in any other general law of this State, providing for any relief of the kind sought by this local act for Warren county when that act was passed. Suppose, for instance, instead of the domestic wine law of 1877, the legislature had passed an act legalizing throughout the State the sale of all spirituous as well as other intoxicating liquors; could it be said that such a general act would prevent subsequent legislatures from passing special laws prohibiting such sale in given communities or counties? Manifestly not, if the general law, instead of making provision for obtaining such local relief, makes provision exactly to the contrary.

In the case of *Brown* v. *State,* 104 *Ga.* 525, the question as to the validity of a local act prohibiting the sale of intoxicating liquors in a certain district in Carroll county was involved. That act was passed since the adoption of the present constitution. In the opinion on p. 528 the following language is used: "The effect of the act of 1881 was not only to repeal the act of 1875, but also to suspend the general law of the State upon the subject of the sale of liquors in so far as the 714th district G. M. of Carroll county is concerned." In the dispensary cases, *Plumb* v. *Christie,* 103 *Ga.* 686, the point was made that that local act for Terrell county was unconstitutional, because contrary to the section of the constitution declaring that no special law shall be enacted for which provision has been made by an existing general law. There is no question that this local dispensary act repealed the general law of the State upon the subject of the liquor traffic in the county of Terrell; yet this court held the act was constitutional, for the simple reason that there was no provision in the general law for the sale of liquors through the medium of dispensaries. I think the principle in that case necessarily controls this; the only difference being that in one instance there was a general law providing for the sale of liquors in Terrell in a certain way, and a local law in effect repealing a general statute, by making special provision for its sale in that county in an entirely different manner. In this case there is a general law authorizing the sale of domestic wines throughout the State. There is a special law which, under the construction of the majority of the court, prohibits the sale of domestic wines in a particular county. This local act is not more effectual in suspending the operation of the general law than was the dispensary act in the case above cited. I therefore think the local prohibitory acts for Warren county were constitutional, that the defendant was legally convicted, and that the court did right in refusing a new trial. Even if said acts are unconstitutional, as decided by the majority, I can not agree with them that under this indictment the defendant could not have been found guilty of the violation of any law making penal acts of selling liquor. There was no demurrer

filed to the indictment. The State made out its case by an admission of the defendant in open court that he sold liquor in that county, and there was no contest or defense made on the trial below that, under the allegations in the indictment, he could not be convicted for the violation of any law making his acts of selling liquor penal.

LITTLE, J.  In addition to the reasons given in my dissenting opinion in the case of *Papworth* v. *State*, 103 *Ga.* 39, I fully concur in the reasons given by Justice Lewis in his dissent to the opinion of the majority of the court.