27916. PERRY *v.* THE STATE.

DECIDED MARCH 14, 1940.

*R. L. LeSueur,* for plaintiff in error.

BROYLES, C. J. The accusation in this case contained two counts. Count 1 charged that the defendant was guilty of a misdemeanor, in that in Sumter County, Georgia, on October 8, 1938, he did un-

lawfully operate a Ford automobile "in such a manner as to endanger the life and limbs of Spencer Carter, in that he did drive and operate said automobile on the public highway known as the Bumphead Road . . in such a manner as to endanger the life, limbs, and property of said Spencer Carter, due to the circumstances and conditions, striking and hitting the one-horse wagon in which said Spencer Carter was then and there riding, throwing the said Carter from said wagon and injuring his person and body and damaging the said wagon, contrary to the laws of said State." Count 2 charged the defendant "with the offense of a misdemeanor; for the said Essie Perry, on October 8, 1938, in the county aforesaid, did unlawfully, wilfully, and knowingly leave the scene of an accident which was caused by him, and in which accident damage was done to person and property, without stopping, or without giving his name and address, contrary to the laws of said State." A verdict of guilty on both counts was returned. The defendant was sentenced to hard labor on "the public-works camp" for a term of eight months, but it was provided in the order of the judge that upon payment of fifty dollars by the defendant, and his complying with certain stated terms, the sentence could be served on parole outside of "the public-works camp." The sentence was imposed on June 28, 1939; and on that day the fine was paid, and the defendant began the service of his parole sentence. On July 5, 1939, he was rearrested and put in jail; and a petition was filed by the State, charging him with violation of certain terms of his parole sentence, and asking that his parole be revoked, and that he be required to serve the eight months sentence on the public-works camp of the county. On July 6, 1939, and during the same term of court at which he was convicted, and while confined in jail, the defendant filed a motion in arrest of judgment, on the ground that the accusation on which he was convicted was void and set forth no offense against him. The court overruled the motion, and the defendant excepted. The court also, after hearing evidence, revoked the defendant's parole sentence, and ordered that he serve the sentence of eight months on the public works. Two questions are for determination: (1) Was the accusation void? (2) If the accusation was void, did the fact that the defendant had paid the fine imposed on him and had served a few days of his parole sentence render moot the questions raised in his motion in arrest of judgment?

■ We think that the first question must be answered in the affirmative. The first count of the accusation is apparently drawn under the Code, § 68-301, which reads as follows: "Speed limit. No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever; but said speed shall not exceed that tabulated below:" And then follows the tabulation of the forbidden speeds "in miles per hour." The gist of that section is the operation of a motor vehicle on a public highway at an unlawful *speed*, and the provisions of the section can only be violated by the driver of a motor vehicle operating such vehicle at an unlawful speed as provided in the section. However, count 1 of the accusation fails to charge that the accused drove his automobile at an unlawful speed, the word "speed" not being mentioned therein. In *Poole* v. *State,* 47 *Ga. App.* 303 (3) (170 S. E. 309), this court held: "The language employed in section 11 of the motor-vehicle act approved August 23, 1927 (Ga. L. 1927, p. 226), providing that a motor vehicle shall not be operated upon any public street or highway 'at a speed that is greater than is reasonable and safe,' is so indefinite as to render that part of the act void." In *Howard* v. *State,* 151 *Ga.* 845 (108 S. E. 513), the Supreme Court made the same ruling. In each of those cases, the indictment or accusation charged that the accused had operated a motor vehicle upon a public highway at a speed greater than was reasonable and safe, while in the instant case the accusation failed to charge anything about the speed of the automobile which the accused was alleged to have operated; and therefore, a fortiori, the above-quoted ruling is applicable and controlling here. We hold that count 1 of the accusation was so defective that it charged no offense whatever against the accused and was null and void. The second count merely charged that the accused, in the county aforesaid, on October 8, 1938, did unlawfully "leave the scene of an accident which was caused by him and in which accident damage was done to person and property, without stopping, or without giving his name and address, contrary to the laws of said State." It is a well-settled rule of law that each count of an accusation or indictment must be complete within itself. It must contain every essential allegation to constitute a crime. Alle-

gations in one count can not be imputed into another count. Each count must be considered as if there were no other count. The second count is so defective that it charges no offense whatever against the accused. It does not even charge that the "accident" occurred on a public highway or street, or that a motor vehicle was involved in the "accident." Enough said.

■ Are the questions raised by the motion in arrest of judgment moot under the facts of the case? It is shown by the bill of exceptions and the record that after the defendant was found guilty on both counts of the accusation he paid the fine imposed and served a few days of an eight-months sentence on parole; that he was then rearrested for an alleged violation of the provisions of his parole sentence, and was put in jail; that while so incarcerated, and during the same term of court at which he was sentenced, he filed his motion in arrest of judgment. It is well-settled law that such a motion can be made at any time during the term at which the movant was adjudged guilty. Of course, if a defendant has paid his fine *and been discharged from custody, and his case* finally disposed of, as was the case in *Blakely* v. *State*, 31 *Ga. App.* 157 (120 S. E. 16), the questions presented in an appeal to the appellate courts have become moot and the writ of error will be dismissed. In the instant case, however, the circumstances are quite different. The plaintiff in error, while he did pay his fine, was sentenced to eight months at hard labor on the public works. It is true that the sentence was temporarily suspended and he was put on probation, but he was not free or safe. The sentence of the court, like the naked "sword of Damocles, suspended by a single hair," hung over him, and finally fell upon him. He was rearrested and lodged in jail, *and was so incarcerated* at the time he filed his motion to arrest the judgment entered upon the verdict finding him guilty on both counts of the void accusation. Not only has he not been finally discharged from custody, and the prosecution against him ended, but he is now under a new sentence to serve eight months on the public works. We hold that the questions raised by the motion in arrest of judgment have not become moot; and that the court erred in overruling the motion.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*