### S95A1701. SMITH v. HARDRICK.
(464 SE2d 198)

SEARS, Justice.

The State appeals the granting of relief to Petitioner Hardrick under the writ of habeas corpus. Because we find that Hardrick was convicted and sentenced upon an indictment that was so fundamentally flawed as to charge no crime at all, we affirm.

In November 1993, Hardrick was indicted on charges of rape, aggravated assault, and aggravated sodomy. On the State's motion, orders of nolle prosequi were entered on the charges of rape and aggravated sodomy, and the State proceeded against Hardrick only on the aggravated assault charge. That particular charge was set forth in Count Two of the indictment, which read in pertinent part:

> The GRAND JURORS . . . charge and accuse DAVID HARDRICK . . . with the offense of AGGRAVATED ASSAULT for [he] did make an assault upon [the victim] by placing his hands around [her] neck and using his hands to apply pressure to her neck contrary to the law[ ].

In February 1994, Hardrick pled guilty to the aggravated assault charge, and was sentenced to five years imprisonment.[1]

1. The Sixth Amendment to the United States Constitution states that criminal defendants shall "be informed of the nature and cause of the accusation against them." It is established in Georgia that satisfaction of this fundamental principle requires that a crimi-

---

[1] The court ordered that Hardrick serve two years of his five-year sentence; hence, he is due to be released from prison in February 1996. Within 30 days of entering his plea, Hardrick filed a Motion for Withdrawal of Guilty Plea, alleging that the plea was "made unintelligently without explanation by the Court or defense counsel of the elements of the offense, and under threats from defense counsel." That motion was denied, and thereafter Hardrick filed an application for writ of habeas corpus in the Superior Court of Tatnall County, which was dismissed as premature in October 1994. Thereafter, Hardrick filed an appeal, which was dismissed by the Court of Appeals for failure to file enumerations of error and a brief. While the appeal was pending, Hardrick filed a petition for habeas corpus relief in the Superior Court of Chatham County, which was dismissed as premature in January 1995. Subsequently, Hardrick filed an application in this Court for probable cause to appeal the dismissal of his habeas corpus petitions. That application was dismissed in February 1995. The application for habeas corpus relief that is the basis of this opinion was filed by Hardrick with the Superior Court of Dooly County on March 30, 1995, and the superior court's order issued on June 9, 1995. In its order, the superior court instructed that Hardrick was to be discharged upon this Court's affirmance of its order.

nal indictment which does not recite language from the Code must allege every essential element of the crime charged.[2] Furthermore, each count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count.[3]

Unless every essential element of a crime is stated in an indictment, it is impossible to ensure that the grand jury found probable cause to indict.[4] Consequently, "there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment."[5] If an accused individual can admit to all of the allegations in an indictment and still be not guilty of a crime, then the indictment generally is insufficient and must be declared void.[6]

2. Under the Code, aggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, *and* (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon.[7] Hands are not per se deadly weapons, but may be, depending upon the circumstances of a particular case.[8] However, when the State believes that such circumstances exist, the indictment should allege that the accused's hands were being used as deadly weapons and were likely to cause bodily injury.[9] Both under the case law and as a matter of simple logic, merely because an indictee is accused of using his hands in the commission of an assault, it will not be presumed that the hands were used as deadly weapons.[10] Otherwise, all indictments that alleged assault with one's hands would also allege the aggravating circumstance of use of a deadly weapon.

3. The indictment in this case failed to set forth the elements of aggravated assault, as it did not state that Hardrick placed his hands

---

[2] *Brown v. State*, 116 Ga. 559, 562 (42 SE 795) (1902) (affirming the right of the accused to an "indictment perfect as to the essential elements of the crime charged"); *O'Brien v. State*, 109 Ga. 51, 52 (35 SE 112) (1900); *Fletcher v. State*, 157 Ga. App. 707, 708 (278 SE2d 444) (1981); *Capitol Distrib. Co. v. State*, 83 Ga. App. 303, 306 (63 SE2d 451) (1951).

[3] See *Durden v. State*, 152 Ga. 441, 442-443 (110 SE 283) (1922); *Perry v. State*, 62 Ga. App. 115, 117-118 (8 SE2d 425) (1940).

[4] See *Russell v. United States*, 369 U. S. 749, 770 (82 SC 1038, 8 LE2d 240) (1962).

[5] *O'Brien*, 109 Ga. at 52.

[6] See *Chelsey v. State*, 121 Ga. 340, 342 (49 SE 258) (1904); *Frost v. State*, 200 Ga. App. 267, 268 (407 SE2d 765) (1991); *State v. Howell*, 194 Ga. App. 594, 595 (391 SE2d 415) (1990).

[7] OCGA § 16-5-21; *King v. State*, 178 Ga. App. 343, 344 (343 SE2d 401) (1986); *Smith v. State*, 140 Ga. App. 395, 396 (231 SE2d 143) (1976).

[8] *Chafin v. State*, 154 Ga. App. 122, 123 (267 SE2d 625) (1980).

[9] See, e.g., *Perkins v. State*, 197 Ga. App. 577, 580 (398 SE2d 702) (1990) (in an indictment charging aggravated assault, where it was alleged that two trained attack dogs were used as deadly weapons, the indictment was sufficient because it stated that the dogs were "deadly weapons and likely to cause serious bodily injury in the offensive manner used, with the intent to cause harm to [the victims]").

[10] *O'Brien*, 109 Ga. at 52 (a defective indictment cannot be aided by inference).

around the victim's neck in an attempt to use them as a deadly weapon, or in an attempt to rape, rob or murder the victim. Moreover, the indictment failed to state that, in placing his hands around the victim's neck, Hardrick intended to inflict a violent injury, or placed the victim in reasonable apprehension of being injured violently. " 'If intent is material, it is necessary to allege it [in the indictment].' "[11] Because the indictment was so fundamentally flawed as to charge no crime at all, when Hardrick pled guilty to the allegations in the indictment, he did not thereby admit to any criminal conduct. In this regard, as noted by the habeas court, if the allegations set forth in the indictment were sufficient to charge a crime, chiropractors licensed to practice in this State would be subject to criminal prosecution simply for treating their patients.[12]

The State argues that by pleading guilty, Hardrick waived his objection to the fatally defective indictment. Our case law states otherwise. It is well established that " '[a] plea of guilty . . . waives all defenses other than that the *indictment charges no crime*.' "[13] We also reject the State's contention that the indictment in its original form alleged rape and aggravated sodomy, and thus, when read as a whole at that time, sufficiently apprised Hardrick of the allegation of aggravated assault charged against him. Allegations set forth in one count of an indictment cannot be imputed to a separate count, absent specific reference to the allegation sought to be imputed.[14]

The indictment's failure to charge Hardrick with a crime renders it fatally defective and void, and incapable of supporting Hardrick's conviction. Hardrick was sentenced to incarceration on a criminal charge never properly made, and the Fourteenth Amendment offers

---

[11] *O'Brien*, 109 Ga. at 53; *Wood v. State*, 46 Ga. 322, 324 (1872).

[12] It appears that the State may have been aware of the indictment's shortcomings. Evidence was submitted to the habeas court by Hardrick which suggested that the DeKalb County District Attorney instructed the Assistant District Attorney in charge of Hardrick's prosecution that because Count Two of indictment appeared to be insufficient, it might be necessary to re-indict on that count. (We note that the State has waived its hearsay objection to this evidence by failing to raise that objection before the habeas court. See *Ford v. State*, 256 Ga. 375, 379 (349 SE2d 361) (1986).)

[13] *Williams v. State*, 174 Ga. App. 506, 507 (330 SE2d 435) (1985). (Emphasis in original.) Accord *McCain v. Smith*, 221 Ga. 353, 354 (144 SE2d 522) (1965) ("a plea of guilty . . . does not prevent the defendant from asserting that the facts alleged in the accusation do not constitute a crime."); *Hilliard v. State*, 87 Ga. App. 769, 773 (75 SE2d 173) (1953) (same); see *United States v. Bell*, 22 F3d 274, 275 (11th Cir. 1994). ("Although a guilty plea waives many objections to the conviction, it does *not* waive the objection that the indictment fails to charge an offense.") (Emphasis in original.)

[14] *Durden*, 152 Ga. at 443 (when there is no express reference in one count to some material thing expressed in another count, " 'the matter so alleged in the preceding count [can] not by mere construction be imported into the second count' "); *Braxley v. State*, 143 Ga. 658, 660 (85 SE 888) (1915) ("rule[s] of pleading prevent the allegation of a cause of action in one count from being projected into another count to supply the latter's deficiencies."); *Perry*, 62 Ga. App. at 117-118.

no alternative but to affirm the grant of the writ of habeas corpus.

4. Because Hardrick was sentenced on a fatally defective and void indictment, we affirm the order of the habeas court granting the writ of habeas corpus, and order that Hardrick be discharged from his present state of incarceration instanter.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellant.

David Hardrick, *pro se.*