File Name: 08a0297n.06
Filed: May 28, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-3078

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL LASHAWN SPRAGLING,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:     MARTIN, GRIFFIN, and GIBSON,[*] Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Michael Lashawn Spragling pleaded guilty to drug-related charges, and then sought to withdraw his guilty plea. The district court denied the withdrawal without a hearing, and Spragling now appeals. He argues that the district court erred in failing to conduct a hearing, and also erred in determining the applicable guideline sentence and the duration of Spragling's sentence. For the reasons set out below, we AFFIRM the judgment of the district court.

I

---

[*] The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

On May 10, 2006, a grand jury indicted Spragling on a number of charges, including conspiracy to distribute both marijuana and cocaine, engaging in financial transactions with the proceeds of a specified unlawful activity, and the unlawful possession of an unregistered machine gun. A jury trial was set for October 2, 2006. On the second day of trial, after opening statements and testimony from two police officers involved in the case, Spragling indicated his desire to change his plea from not guilty to guilty. The judge gave Spragling time to talk with his two defense counsel as well as his family, but an hour later was informed that there had been a breakdown in discussions over how many levels of reduction the government was allowed to give for acceptance of responsibility. The trial therefore resumed under a plea of not guilty, but twenty minutes later Spragling reconsidered and told his counsel that he wished to plead guilty. Thereafter, he pleaded guilty to all four charged counts.

Spragling's October 3, 2006 plea agreement included a base offense level of 34 due to the amount of drugs admitted in the plea agreement, plus a two-level increase for possession of a firearm and a two-level increase for acting in a leadership role, bringing the offense level to 38 and a suggested Guideline range of 262-327 months. The government agreed to recommend a two-level reduction for acceptance of responsibility, bringing the range down to 188-235 months. The judge also advised Spragling of his rights, his waiver of those rights under the plea, and the possible penalty on the charges, and Spragling told the court that his plea was voluntary.

One month later, on November 2, Spragling's attorneys filed a motion to withdraw from the case, asserting that Spragling had fired them. The district court granted this motion and appointed new counsel. On December 8, Spragling filed a *pro se* notice of his intent to withdraw his guilty

plea, which the district court denied. The district court also denied Spragling's motion to continue sentencing in order to obtain new counsel. Nine days before sentencing, Spragling obtained his own counsel.

At sentencing, the district court imposed a 262-month (21.8-year) sentence. The sentence included an offense level calculation of 38, consistent with the plea agreement, but did not include a reduction for acceptance of responsibility; this brought his range back up from 188-235 months to 262-327 months. Spragling objected to the calculations, arguing that he was innocent of the charges, that the evidence did not support the drug weight found in the pre-sentence report, and that there was no evidence that he was a leader of any criminal scheme. The court denied these objections. Next, Spragling objected to the court's decision not to reduce the offense-level calculation for acceptance of responsibility. After hearing evidence on this point, which included Spragling's probation officer testifying that Spragling had refused to be interviewed, the court found that Spragling had "in no way, shape, or form . . . engaged in any conduct that would constitute an acceptance of responsibility." Finally, Spragling objected to the increase in his offense level for having committed a crime while on probation. The court overruled this objection as well, finding that the facts stipulated to in the plea agreement indicated that the criminal activity commenced while Spragling was still on probation from a previous offense.

Spragling now appeals, arguing that it is inconsistent to determine disputed guidelines issues (namely quantity of drugs, leadership role, and firearm possession) using a plea agreement that was later renounced, while relying on that same renunciation to deny an acceptance of responsibility reduction.

## II

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Bashara*, 27 F.3d 1174, 1180 (6th Cir. 1994). We review sentencing decisions under a deferential abuse-of-discretion standard for reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 128 S. Ct. 586, 594 (2007)).

1) Spragling's motion to withdraw his guilty plea

Federal Rule of Criminal Procedure 32(e) provides that a court may permit a defendant to withdraw a plea prior to sentencing if he shows any "fair and just reason" for the withdrawal. FED. R. CRIM. P. 32(e). As this Court said in *United States v. Alexander*, the aim of the rule is to allow a hastily entered plea made with "unsure heart and confused mind" to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." 948 F.2d 1002, 1004 (6th Cir.1991).

Although the federal rules do not establish criteria for determining whether a defendant's reasons for vacating his plea are "fair and just," this Court set forth the relevant considerations in *United States v. Spencer*, including: (1) the length of time between the guilty plea and the filing of the motion to withdraw; (2) the defendant's reason for not presenting the grounds earlier; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances surrounding the plea, the nature and background of the defendant, and whether the defendant has admitted guilt; and (5) any potential prejudice to the government, although a showing of prejudice is not necessary. 836

F.2d 236, 238-40 (6th Cir. 1987). In *United States v. Pluta*, this Court added the defendant's prior experience with the criminal justice system as a sixth factor. 144 F.3d 968, 973 (6th Cir. 1998). These factors are not exhaustive, and the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

The district court concluded that Spragling failed to present a "fair and just cause" why he should be allowed to withdraw his plea, and we agree. This case does not rise to the level of other cases that have been found to meet the high bar of 32(e). *Cf. United States v. Davis*, 410 F.3d 1122 (9th Cir. 2005) (counsel "grossly mis-characteriz[ing]" defendant's possible sentence was "fair and just reason" to withdraw plea); *United States v. Bell*, 22 F.3d 274 (11th Cir. 1994) (failure of an indictment to charge an offense is a "fair and just" reason to withdraw a plea). Spragling's 65-day delay in filing his motion is also problematic. *See United States v. Baez*, 87 F.3d 805, 807 (6th Cir. 1996) (67-day delay without justification was strongest factor supporting denial of motion to withdraw); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (calling a 55-day gap a "lengthy delay"). Spragling argues that a turnover in counsel justifies his delay, but counsel withdrew a month after his plea and could have prepared the withdrawal motion in that time. Furthermore, Spragling has experience with the criminal justice system, having pled guilty or *nolo contendere* to a number of minor crimes throughout his adult life. Spragling has asserted his innocence, the third *Spencer* factor, but offers no factual basis for this claim.

Finally, the circumstances of Spragling's plea call into question Spragling's claim that it was not entered knowingly and voluntarily, and that he entered the plea with "unsure heart and confused

mind." *See Alexander*, 948 F.2d at 1004. The district court was extremely thorough with Spragling during the plea colloquy, their conversation spanning forty pages of the Joint Appendix. Over the course of the plea, the judge went through each count of the indictment in detail, discussed the waiver of constitutional rights incident to a plea, informed Spragling of the maximum and minimum statutory penalties, and had Spragling look up offense levels and criminal history categories on a Sentencing Guidelines table. Both the judge and Spragling asked questions of each other throughout the colloquy. Finally, the judge asked Spragling if his pleas were voluntary and if he was satisfied with his counsel, to which Spragling answered in the affirmative before pleading guilty to each count. Given these facts, we conclude that Spragling entered a knowing and voluntary plea, and the district court did not abuse its discretion when it denied Spragling's motion to withdraw his guilty plea.

The district court also did not err in failing to conduct an evidentiary hearing on Spragling's motion to withdraw his plea. The court was familiar with Spragling's case and the circumstances of his plea, and presided over the case from the beginning. A district court has discretion over whether to grant a hearing on a motion to withdraw, *see Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and the district court did not abuse this discretion.

2) The district court's determination under the sentencing guidelines

Spragling argues that he was entitled to a reduction of his sentence for acceptance of responsibility under the Sentencing Guidelines. *See* U.S.S.G. § 3E1.1 (providing reduction in offense level for a defendant who "clearly demonstrates acceptance of responsibility for his

offense."). The determination of whether a defendant has accepted responsibility is a factual question that should be accorded great deference and should not be disturbed unless clearly erroneous. *See United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996). A defendant bears the burden of showing by a preponderance of the evidence that the reduction is justified, s*ee United States v. Williams*, 940 F.2d 176, 181 (6th Cir. 1991), and a defendant who pleads guilty is not automatically entitled to a reduction. *See United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir. 1995).

Spragling argues that by rejecting acceptance of responsibility, the district court also necessarily rejected the stipulations contained in the plea agreement as to the amount of drugs involved in his crime, his leadership role, and his possession of firearms. Spragling's argument fails because "acceptance of responsibility" entails more than simply pleading guilty. *See Mahaffey*, 53 F.3d at134. The district court heard testimony that Spragling refused to be interviewed for his pre-sentence report, filed objections to the pre-sentence report contesting all of the Sentencing Guidelines factors applicable to him, and has consistently maintained his innocence since his plea. The district court concluded that Spragling "in no way, shape, or form" evinced conduct that would support a downward adjustment for acceptance of responsibility, and did not clearly err in this determination.

3) Reasonableness of the sentence under § 3553(a)

We review a district court's sentencing determination "under a deferential abuse-of-discretion standard" for reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

"Reasonableness" has two components: procedural and substantive. *Id.*, citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Spragling first argues that his base offense level and enhancements were improperly calculated because they were based only on the plea agreement and not any evidentiary findings. This, of course, is Spragling's own doing: no evidence exists outside the plea agreement because Spragling decided to forego his trial and stipulate to all factual allegations contained in the plea. Otherwise, it is clear to us that the sentence was procedurally reasonable: the judge carefully walked Spragling through the consequences of his plea, responded to Spragling's questions, and computed the guidelines correctly. The district court also filed a sentencing memorandum that clearly outlined how each of the § 3553(a) factors applied to Spragling's case.

Spragling also argues that a 22-year sentence for a single crime is substantively unreasonable, in light of 1) his single prior felony conviction for non-support of dependents, and 2) the significantly shorter sentences imposed on the other members of the conspiracy. Here again, the district court did not abuse its discretion. *See Gall*, 128 S. Ct. at 597. In the sentencing memorandum, the judge considered Spragling's background and the sentences of the other defendants, as well as the § 3553(a) factors, and found a sentence that it believed to be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a). Thus, we find that the district court's sentence was reasonable.

III

Spragling's contention that his guilty plea was not entered knowingly and voluntarily is belied by the sentencing transcript. Spragling has failed to show a "fair and just reason" why he is entitled to withdraw his guilty plea. Moreover, the suggested Guidelines range was correctly

calculated and the sentence itself was reasonable.  We therefore AFFIRM the judgment of the district

court.