## A07A2458. HARRIS et al. v. THE STATE.
(659 SE2d 870)

ELLINGTON, Judge.

We granted the interlocutory application of Ashley Harris and Caroline Jenkins to consider whether the trial court erred when it overruled their demurrer to their indictment in Decatur County for harboring an unregistered sex offender. We conclude that the indictment was indeed defective, and we therefore reverse.

OCGA § 16-6-25 (b) provides:

> Any person who *knows or reasonably believes that a sexual offender, as defined in Code Section 42-1-12* [concerning the sexual offender registry], *is not complying, or has not complied, with the requirements of Code Section 42-1-12* and who, with the intent to assist such sexual offender in eluding a law enforcement unit that is seeking such sexual offender to question him or her about, or to arrest him or her for, his or her noncompliance with the requirements of Code Section 42-1-12:
>
> (1) Harbors, attempts to harbor, or assists another person in harboring or attempting to harbor such sexual offender;
>
> (2) Conceals, attempts to conceal, or assists another person in concealing or attempting to conceal such sexual offender; *or*
>
> (3) Provides information to the law enforcement unit regarding such sexual offender which the person knows to be false information
>
> commits a felony and shall be punished by imprisonment for not less than five nor more than 20 years.

(Emphasis supplied.)

The indictment at issue here charged Harris and Jenkins with

> the offense of HARBORING AND CONCEALING SEXUAL OFFENDER for that the said accused . . . on the 4th day of November, 2006, unlawfully, did then and there, harbor and conceal Anthony Dewayne Harris, a known sex offender, by providing information to Deputy Robert Griffin, a law enforcement officer, regarding said sexual offender which they knew to be false.

Harris and Jenkins contend that the indictment fails to allege that they knew or reasonably believed that Anthony Harris was an unregistered sexual offender; that they intended to assist Anthony Harris in eluding police; and that police were seeking Anthony Harris in connection with his noncompliance. We agree with the first of these contentions.

> Unless every essential element of a crime is stated in an indictment, it is impossible to ensure that the grand jury found probable cause to indict. Consequently, there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment. If an accused individual can admit to all of the allegations in an indictment and still be not guilty of a crime, then the indictment generally is insufficient and must be declared void.

(Citations and punctuation omitted.) *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995); see also *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977).

Though Harris and Jenkins could well have been charged with hindering the apprehension of "a person whom [they know] or [have] reasonable grounds to believe has committed a felony" under OCGA § 16-10-50, the State chose instead to charge them with providing false information concerning an unregistered sexual offender under OCGA § 16-6-25. The indictment itself, however, alleges only that Anthony Harris was a "known" sex offender, not that he was an unregistered one.

The preamble to the Act passing OCGA § 16-6-25 into law lays out the General Assembly's findings and intentions concerning that statute as follows:

> [T]he high level of threat that a sexual predator presents to the public safety, and the long-term effects suffered by victims of sex offenses, provide the state with sufficient justification to implement a strategy that includes:

> (1) Incarcerating sexual offenders and maintaining adequate facilities to ensure that decisions to release sexual predators into the community are not made on the basis of inadequate space;

(2) *Requiring the registration of sexual offenders, with a requirement that complete and accurate information be maintained and accessible for use by law enforcement authorities, communities, and the public;*

(3) *Providing for community and public notification concerning the presence of sexual offenders. . . .*

The General Assembly further finds that the state has a compelling interest in protecting the public from sexual offenders and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual offenders to register and for requiring community and public notification of the presence of sexual offenders. The General Assembly declares that *in order to protect the public, it is necessary that the sexual offenders be registered and that members of the community and the public be notified of a sexual offender's presence. . . .*

(Emphasis supplied.) Ga. L. 2006, p. 379, § 1. Just as registration is a central component of the General Assembly's "strategy" concerning sexual offenders, a person's knowledge or reasonable belief that a sexual offender "is not complying, or has not complied, with the requirements of [the sexual offender registry Code section]" is an essential element of the new crime of harboring, concealing, or withholding information concerning that sexual offender.

We have long voided indictments on such grounds. In *Roberts v. State,* 18 Ga. App. 529 (89 SE 1055) (1916), an indictment for harboring a felon failed to charge the defendant's knowledge that the person harbored had actually been found guilty of a felony. Id. at 531-532; compare *Harris v. State,* 191 Ga. 243, 251-254 (6) (12 SE2d 64) (1940) (indictment alleging crime of accessory before the fact need not allege conviction of principal). Today, we void the indictment of Harris and Jenkins because it likewise failed to charge them with an essential element of the offense: the knowledge or reasonable belief that Anthony Harris was an *unregistered* sexual offender.

We also note that the indictment fails to distinguish between the acts of harboring, concealing, and providing false information concerning an unregistered sexual offender. When a statute designates more than one independent basis for a charge under it, as OCGA § 16-6-25 (b) does, an indictment brought under it must specify the basis on which a particular defendant is charged. See, e.g., *Smith,* 266 Ga. at 55-56 (3) (vacating conviction for aggravated assault where indictment failed to allege that defendant used his hands as a deadly

weapon or in an attempt to rape, rob, or murder the victim, or that he placed the victim in reasonable fear of violent injury).

Because Harris and Jenkins could admit every allegation of this indictment and still be innocent of violating OCGA § 16-6-25 (b), we reverse the trial court's denial of Harris's and Jenkins's demurrer.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 24, 2008.

*William D. Hall, Robert R. McLendon IV*, for appellants.

*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.