**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**September 14, 2012**

# In the Court of Appeals of Georgia

A12A1087. COLEMAN v. THE STATE.

RAY, Judge.

Edward Coleman was tried by a DeKalb County jury and convicted on August 5, 2009, of criminal attempt to commit burglary.[1] He filed a motion for new trial on general grounds in September 2009. On April 1, 2011, Coleman filed an amended motion for new trial, in which he claimed, among other things, that the indictment was defective and that his trial counsel rendered ineffective assistance of counsel by failing to file a demurrer to the indictment. The trial court disagreed, and Coleman appeals from the denial of his motion for new trial. As we find that Coleman received ineffective assistance of counsel, we reverse.

---

[1] See OCGA §§ 16-4-1, 16-7-1 (b).

1. Coleman contends his criminal attempt to commit burglary conviction is void because the indictment failed to allege the essential element of intent to commit a theft. Specifically, the indictment at issue alleges the offense of "ATTEMPT TO COMMIT A FELONY," stating that Coleman

> did attempt to commit the crime of Burglary . . . in that [he] did knowingly and intentionally perform acts which constitute a substantial step toward the commission of said crime, to wit: entered the patio and attempted to pry the window of the dwelling house belonging to [the victim] located at 420 Creekview Place.

According to Coleman, the indictment was deficient because it did not contain all the essential elements of the crime of burglary. We are constrained to agree; nevertheless, Coleman waived this error by failing to file a timely demurrer to the indictment.

An accused may challenge the sufficiency of an indictment by filing a special or general demurrer. A special demurrer challenges the sufficiency of the form of the indictment, such as an allegation that a felony murder indictment is insufficient because it does not contain all the essential elements of the underlying crime of aggravated assault.[2] This type of demurrer seeks specificity with regard to the predicate felony, and it must be filed within 10 days after the arraignment, unless the

---

[2] See *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005).

2

trial court extends the time for filing.[3] A general demurrer, on the other hand, challenges the sufficiency of the substance of the indictment, such as an allegation that an indictment contains a defect on its face affecting the substance and merits of the offense charged, like a failure to charge a necessary element of a crime.[4] Because a general demurrer attacks the legality of an indictment, it may be raised any time during the trial and may even be raised after the verdict by a motion in arrest of judgment; however, a motion in arrest of judgment must be made during the term when the judgment was obtained.[5]

The record is clear in this case that Coleman did not file a special demurrer, and even if we consider Coleman's amended motion for new trial as a motion in arrest of judgment,[6] this general demurrer, filed nearly a year and a half after the jury's

---

[3] See id. at 178-180 (2); *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007); OCGA § 17-7-110.

[4] See *Motes v. State*, 262 Ga. App. 728, 729 (586 SE2d 682) (2003).

[5] See id.; see also OCGA § 17-9-61 (b).

[6] We have previously held that a motion for new trial is not the proper method to attack the sufficiency of an indictment and does not provide a basis for this Court to review the indictment. See *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998). However, we have made an exception when the motion for new trial raises the ground of ineffective assistance of counsel based on counsel's failure to file a general demurrer. See *Harris v. State*, 258 Ga. App. 669, 671 (1) (574 SE2d 871)

3

verdict, was untimely. The failure to file a general or special demurrer, or a timely motion in arrest of judgment, waives any claim that could have been raised in a general or special demurrer.[7]

2. While the trial court did not err in denying Coleman's motion for a new trial on this ground, however, such a finding does not end our inquiry in this case because Coleman contends his trial counsel was ineffective for failing to file a demurrer to the attempted burglary indictment. To prevail on a claim of ineffective assistance of counsel, Coleman must prove both that the performance of his trial lawyer was deficient and that he was prejudiced by this deficient performance.[8] To prove that the performance of his lawyer was deficient, Coleman must show that his lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms.[9] To prove that he was

---

(2002).

[7] See *Kirt v. State*, 309 Ga. App. 227, 232-233 (3) (709 SE2d 840) (2011); see also OCGA §§ 17-7-110, 17-9-61 (b).

[8] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (A) (104 SC 2052, 80 LE2d 674) (1984).

[9] See id. at 687-688 (III) (A); see also *Kimmelman v. Morrison*, 477 U. S. 365, 381 (II) (C) (106 SC 2574, 91 LE2d 305) (1986).

4

prejudiced by the performance of his lawyer, Coleman must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[10] This burden, although not impossible to carry, is a heavy one.[11]

In this case, pretermitting whether Coleman is able to demonstrate deficiency in his trial counsel's failure to file a special demurrer to the indictment, he is unable to establish prejudice.

> A defendant is entitled to be tried on an indictment that is perfect in form. And, if an indictment is imperfect, a defendant may file a special demurrer challenging the form of the indictment. If no special demurrer is filed, any error in the indictment's form is waived. If the demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant. Thus, even if [Coleman's] attorney had filed a demurrer, it would not have prevented the State from reindicting and trying [Coleman]. And [Coleman] does not argue that the imperfect indictment prejudiced his defense in any way. Under

---

[10] *Strickland*, supra at 694 (III) (B); see also *Williams v. Taylor*, 529 U. S. 362, 390-391 (III) (120 SC 1495, 146 LE2d 389) (2000).

[11] See *Kimmelman*, supra at 382 (II) (C).

5

these circumstances, [Coleman] has failed to show that he was prejudiced by his attorney's failure to file such demurrer.[12]

The same can not be said of Coleman's trial counsel's failure to file a general demurrer to the indictment. To withstand a general demurrer, an indictment must state the offense in the terms and language of the statute, or "so plainly that the nature of the offense charged may easily be understood by the jury."[13] The Supreme Court of Georgia has interpreted this to mean "that a criminal indictment which does not recite language from the Code must allege every essential element of the crime charged."[14] Accordingly, "there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment."[15] It is well-established that the test for determining whether an indictment is sufficient to withstand a general demurrer is

---

[12] (Citation and punctuation omitted). *Cuzzort v. State*, 307 Ga. App. 52, 56-57 (2) (b) (703 SE2d 713) (2010). Accord *Jackson v. State*, __ Ga. App. __ (6) (a) (Case No. A12A0654, decided July 3, 2012); *White v. State*, 312 Ga. App. 421, 429 (3) (a) (718 SE2d 335) (2011).

[13] OCGA § 17-7-54 (a).

[14] (Footnote omitted.) *Smith v. Hardrick*, 266 Ga. 54, 54-55 (1) (464 SE2d 198) (1995).

[15] (Punctuation and footnote omitted.) Id. at 55 (1); see also *Harris v. State*, 290 Ga. App. 500, 501 (659 SE2d 870) (2008).

whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. *Thus, if the accused can admit all the indictment . . . charges and still be innocent of having committed any offense, the indictment . . . is defective.*[16]

In this case, the State would have us look strictly at the Code section discussing attempted crimes and find that the indictment tracks that Code section. Pursuant to OCGA § 16-4-1, a person commits criminal attempt "when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." We must, however, look to the specific crime with which a defendant is charged to ascertain whether the indictment is sufficient to withstand a general demurrer, and, here, we find that it is not.

Coleman is charged with attempted burglary, and a person commits the offense of burglary "when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another."[17] Clearly, the defendant does not have to complete every

---

[16] (Citation and punctuation omitted; emphasis in original.) *Spence v. State*, 263 Ga. App. 25, 27 (2) (587 SE2d 183) (2003).

[17] OCGA § 16-7-1 (b).

7

element of the burglary statute to be convicted of attempted burglary, but, just as clearly, the indictment must charge him with every essential element of burglary for it to withstand a general demurrer. "[I]ntent to commit a felony or theft therein" is a material element of the statute. "If intent is material, it is necessary to allege it in the indictment."[18] This Court has repeatedly found burglary counts fatally defective when the indictment fails to specify the felony which the defendant purportedly intended to commit.[19]

Here, the indictment failed to set forth not only which felony Coleman purportedly intended to commit, but also the element that he actually intended to commit any felony, as it did not state that Coleman entered the patio and pried the window "with the intent to commit a felony or theft therein." Coleman could admit every allegation of the indictment and still lack the requisite intent for an attempt at burglary (as opposed to criminal trespass,[20] for example). Consequently, the

---

[18] (Punctuation and footnote omitted.) *Smith*, supra at 56 (3).

[19] See *Polk v. State*, 275 Ga. App. 467, 468-469 (1) (620 SE2d 857) (2005); *Ealey v. State*, 136 Ga. App. 292, 292-293 (221 SE2d 50) (1975).

[20] A person commits the offense of criminal trespass when he "intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less . . ." or when he "knowingly and without authority [e]nters upon the land or premises of another person . . . for an unlawful purpose." OCGA §

8

indictment would not have withstood a timely general demurrer, and trial counsel's performance was deficient in his failure to timely challenge the validity of the attempted burglary count. This failure to do so necessarily contributed to Coleman's conviction on a void count; thus, it harmed Coleman and prejudiced his defense.[21] The trial court erred in not granting Coleman's motion for a new trial on this ground.[22]

*Judgment reversed. Miller, P. J., and Branch, J., concur.*

---

16-7-21 (a) and (b) (1).

[21] See *Polk*, supra at 469 (1).

[22] We recognize that this ruling will not actually result in a new trial on this indictment, but note that the State may re-indict the defendant, if it so chooses, as a four year statute of limitation applies to these allegations. See OCGA § 17-3-1 (c). The underlying indictment alleges that the attempted burglary occurred on October 14, 2008.