A01A2343. YOUNGBLOOD v. THE STATE.
(558 SE2d 854)

ELLINGTON, Judge.

A Fulton County jury convicted Tilford Youngblood of three counts of battery, OCGA § 16-5-23.1 (a), and aggravated assault, OCGA § 16-5-21 (a) (2), arising out of the April 6, 1998 attack on his girlfriend. Counts 1 through 3 of Youngblood's indictment alleged aggravated battery; Count 4 alleged aggravated assault. On Counts 1 through 3, the jury found Youngblood guilty of the lesser included offense of battery. The trial court merged the battery convictions into the greater offense, Count 4, aggravated assault, and sentenced Youngblood to 15 years imprisonment. In this second appearance of this case before us,[1] Youngblood contends the trial court erred in denying his motion for new trial on several grounds. We affirm his battery convictions and remand this case to the court below for sentencing on those convictions. However, because Youngblood was denied the effective assistance of counsel with respect to his aggravated assault conviction, it must be reversed.

1. Youngblood contends the trial court lacked jurisdiction to entertain his motion for new trial because at the time his motion was heard, the remittitur had not been returned. A trial court lacks "jurisdiction to take any action in a case prior to receiving the remittitur from the appellate court." *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992). On June 8, 2001, this Court remanded this case to the trial court to resolve Youngblood's then pending motion for new trial. On June 14, 2001, the trial court entered an order denying Youngblood's motion. On June 27, 2001, Youngblood filed his notice of appeal.

The record before us contains no evidence showing when the remittitur was filed with the clerk below. We must presume, however, that the trial court performed its official duties in accordance with the law. See *Gunter v. State*, 243 Ga. 651, 654 (1) (256 SE2d 341) (1979). "The presumption is in favor of the regularity and legality of all proceedings in the court below." (Citations and punctuation omitted.) *Bridges v. State*, 227 Ga. 24 (2) (178 SE2d 861) (1970). Because

---

[1] Youngblood's first appeal, Case No. A01A0857, was remanded "for a ruling on Youngblood's motion for new trial."

Youngblood has not supported his argument with record evidence, and because we must presume that the court below properly resolved the motion when it had jurisdiction to do so, we find no merit to this claim of error.

2. In related enumerations of error, Youngblood contends the trial court erred in entering judgment on and sentencing him for aggravated assault because the indictment failed to allege that offense. The indictment charged Youngblood in Count 4 with the offense of "AGGRAVATED ASSAULT (FELONY)" in that he "did unlawfully commit an assault" upon the victim "by striking" her with his "hands, fists, feet and [an unknown] blunt object." The indictment failed to allege that the instruments used to assault the victim were either deadly weapons or that when used offensively resulted in or were likely to result in serious bodily injury[2] as required by OCGA § 16-5-21 (a) (2). The Supreme Court has held that such an aggravated assault indictment is so fundamentally flawed as to charge no crime at all and is, therefore, void. *Smith v. Hardrick*, 266 Ga. 54, 55-56 (3) (464 SE2d 198) (1995); see *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977) (sufficiency of indictments generally). The error, however, was not preserved for our review because Youngblood failed to timely challenge the legal sufficiency of the aggravated assault count. He filed no demurrer to the indictment, nor did he file within the term of court in which the judgment of conviction was entered a proper motion in arrest of judgment.[3] See, e.g., *Parks v. State*, 246 Ga. App. 888, 889 (1) (543 SE2d 39) (2000); *McKay v. State*, 234 Ga. App. 556, 558-559 (2) (507 SE2d 484) (1998); *Hammock v. State*, 201 Ga. App. 614-615 (1) (a) (411 SE2d 743) (1991). Consequently, Youngblood's claim that the aggravated assault count of the indictment is void can be reviewed only "through a habeas corpus proceeding." (Citations omitted.) *McKay v. State*, 234 Ga. App. at 560 (2).

3. Youngblood contends he was deprived of his Sixth Amendment

---

[2] The State argues that, reading the indictment as a whole, the "likely to result in serious bodily injury" element may be inferred from the aggravated battery counts. The State would be correct *if* the aggravated assault count had contained language which, by reference, incorporated the equivalent of this element from the aggravated battery counts. *Durden v. State*, 152 Ga. 441, 442-443 (110 SE 283) (1921); *Staples v. State*, 199 Ga. App. 551, 552, n. 1 (405 SE2d 551) (1991); *Perry v. State*, 62 Ga. App. 115, 117-118 (8 SE2d 425) (1940). The aggravated assault count, however, included no such incorporating or referential language, and a defective indictment cannot be aided by inference. *O'Brien v. State*, 109 Ga. 51, 52 (35 SE 112) (1900).

[3] Youngblood's appellate attorney, who was appointed after the term of court in which the conviction was entered, did amend the motion for new trial to challenge the sufficiency of the aggravated assault count. Such a challenge, however, cannot be made in a motion for new trial. Therefore, raising the issue in an amended motion for new trial will not cure the motion's untimeliness by having it relate back to the original motion for new trial. *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998).

right to effective assistance of counsel. "To establish a claim of ineffective assistance at trial requiring reversal of a conviction, a criminal defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996).

We have reviewed each of Youngblood's complaints that counsel performed deficiently. With but one exception, we find that each of these complaints pertains to essentially unreviewable tactical decisions counsel made during the course of the trial. See *Ferrell v. State*, 261 Ga. 115, 120 (3) (401 SE2d 741) (1991). Counsel's performance was deficient, however, in his failure to challenge the validity of the aggravated assault count of the indictment. As explained in Division 1 above, that count of the indictment was void. Counsel's failure to challenge a void count is not reasonable under the circumstances nor can it be justified as a tactical decision when counsel admitted in the hearing on Youngblood's motion for new trial that he thought the count sufficiently set forth the crime of aggravated assault. See *Parks v. State*, 246 Ga. App. at 889 (1); *Hammock v. State*, 201 Ga. App. at 614-615 (1) (a). Counsel's failure to challenge the validity of the indictment contributed to Youngblood's felony conviction on a void count and caused a procedural default that prevented direct appellate review of that otherwise reversible error. Counsel's error, therefore, harmed Youngblood and prejudiced his defense. Because Youngblood was deprived of his Sixth Amendment right to the effective assistance of counsel with respect to the aggravated assault count, we must reverse his conviction on that count.

4. The trial court did not err in granting the State's motion to limit evidence of the victim's drug use to the day of the assault. Youngblood argues that the court should have allowed evidence of the victim's crack cocaine addiction in support of his justification defense. However, any evidence touching upon the victim's use of drugs prior to the assault was irrelevant to Youngblood's claim of justification. *Smiley v. State*, 271 Ga. 734, 735 (2) (524 SE2d 234) (1999). Under the facts of this case, even assuming that the testimony Youngblood sought to elicit would have authorized the jury to infer that the victim had previously used crack cocaine, prior drug use by the victim would not have tended to prove her reputation for violence or the reasonableness of Youngblood's claim that the force he used was necessary. Id.

5. Youngblood's final enumeration of error challenges the sufficiency of the evidence. The record evidence authorized the jury to find that Youngblood beat his girlfriend with his hands and feet, leaving her hospitalized with cuts, bruises, and facial fractures. This evidence amply supports Youngblood's battery convictions. See *Williams v. State*, 248 Ga. App. 316, 319 (1) (546 SE2d 74) (2001).

*Judgment affirmed in part and reversed in part and case remanded for resentencing. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 16, 2002.

*J. M. Raffauf*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.