## A05A1536. POLK v. THE STATE.
(620 SE2d 857)

MIKELL, Judge.

After a jury trial, Tyrone Polk, Jr., was convicted of aggravated stalking and burglary.[1] The trial court sentenced Polk to twenty years on each count to run concurrent, ten in confinement and ten on probation. In his sole enumeration of error, Polk claims that he received ineffective assistance of counsel because his trial counsel failed to file a timely demurrer to the indictment and waived opening argument. Polk argues that his trial counsel's failure to submit requests to charge, interview two of the state's witnesses, and request a continuance to secure the testimony of mitigation witnesses also rendered his assistance ineffective. As discussed below, we agree with Polk only insofar as trial counsel failed to file a timely demurrer to the burglary count of the indictment, which requires us to reverse Polk's burglary conviction. Otherwise, trial counsel's assistance was effective, and we affirm Polk's aggravated assault conviction.

"To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense

---

[1] Viewed in favor of the verdict, the evidence shows that the charges arose out of an incident wherein Polk kicked in the door of the home of his ex-girlfriend, Latreasa Stubbins, in violation of a temporary protective order, and fought with her boyfriend, Ray Williams.

counsel's unprofessional deficiencies."[2] In assessing a claim of ineffectiveness, "[a] court . . . is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one [and its] finding of effectiveness must be upheld unless clearly erroneous."[3] The facts pertinent to each claim of ineffectiveness are stated below.

1. Polk contends that his trial counsel was ineffective because he failed to file a timely demurrer to the burglary count of the indictment on the grounds that it was fatally defective because it did not specify an underlying felony. We agree.

Georgia law requires that an indictment inform the defendant of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as to protect him against another prosecution for the same offense.[4] "[E]ach count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count."[5] In this case, Count 1 of the indictment charged Polk with the offense of "AGGRAVATED STALKING," in that he did "unlawfully, in violation of a temporary restraining order . . . contact another person, Latressa Stubbins, at 2718 Dr. G. C. Hill Avenue, Tifton, Georgia, without her consent and for the purpose of harassing and intimidating her." Count 2 charged him with the offense of "BURGLARY" in that he "did then and there, unlawfully, without authority and with the intent to commit a felony therein, enter 2718 Dr. G. C. Hill Avenue, Tifton, Georgia."

Polk relies on *State of Ga. v. Lockhart*[6] and *Ealey v. State*[7] in support of his argument that Count 2 was fatally defective. In *Lockhart*,[8] our Supreme Court held that an indictment which charged solely the offense of burglary without identifying the underlying felony was a nullity.[9] In *Ealey*,[10] citing *Lockhart*,[11] we reversed a conviction for burglary because the indictment in the case did not specify an underlying felony.[12] The state argues that the case sub

---

[2] (Citations omitted.) *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998).

[3] (Citations and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

[4] *Hopper v. Hampton*, 244 Ga. 361, 362 (260 SE2d 73) (1979).

[5] (Footnote omitted.) *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995).

[6] 24 Ga. 420 (1858).

[7] 136 Ga. App. 292 (221 SE2d 50) (1975).

[8] Supra.

[9] Id. at 422.

[10] Supra.

[11] Supra.

[12] *Ealey*, supra at 292-293.

judice is distinguishable because we may infer that Count 1 of the indictment, which charged Polk with aggravated stalking, supplied the underlying felony for the burglary charge. The Supreme Court rejected a similar argument in *Smith v. Hardrick*,[13] holding that "[a]llegations set forth in one count of an indictment cannot be imputed to a separate count, *absent specific reference to the allegation sought to be imputed.*"[14] In that case, the defendant was indicted on charges of rape, aggravated assault, and aggravated sodomy, but the trial proceeded only on the aggravated assault charge, which did not include all of the necessary elements of the offense. The Court reversed the defendant's aggravated assault conviction, expressly rejecting the state's argument that it should read the original indictment as a whole, which supplied the elements necessary to proceed on the aggravated assault charge.

Likewise here, we cannot impute aggravated stalking into the burglary count of the indictment in the absence of wording that specifically incorporates it by reference. Consequently, we must reverse Polk's burglary conviction and the sentence thereon because that count of the indictment was fatally defective. A fortiori, counsel's performance was deficient in his failure to challenge timely the validity of the burglary count on this ground.[15] The failure to do so contributed to Polk's conviction on a void count, thus it harmed Polk and prejudiced his case.[16] Polk's sentence, however, remains unchanged because he was sentenced to twenty years to serve ten on the aggravated stalking count, which was not challenged on appeal.

2. Polk next argues that counsel was ineffective for failing to object to the indictment as a whole on the grounds that it was not received in open court. In support thereof, Polk points out that the indictment was blank as to the date it was received in open court and did not contain the signature of the clerk of court. We find no error.

---

[13] Supra.

[14] (Emphasis supplied.) Id. at 56 (3), citing *Durden v. State*, 152 Ga. 441, 443 (1) (110 SE 283) (1922) (when there is no express reference in one count to some material thing expressed in another count, " 'the matter so alleged in the preceding count could not by mere construction be imported into the second count' "); *Braxley v. State*, 143 Ga. 658, 660 (85 SE 888) (1915) ("rule[s] of pleading prevents the allegation of a cause of action in one count from being projected into another count to supply the latter's deficiencies"); *Perry v. State*, 62 Ga. App. 115, 118 (8 SE2d 425) (1940) ("[e]ach count must be considered as if there were no other count").

[15] Counsel filed a general demurrer after the verdict but should have raised this defect by filing a motion in arrest of judgment. *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998).

[16] See *Youngblood v. State*, 253 Ga. App. 327, 329 (3) (558 SE2d 854) (2002) (all but one of defendant's claims of ineffectiveness pertained to essentially unreviewable tactical decision of trial counsel, therefore conviction reversed as to the sole count where counsel's performance was actually deficient).

The trial court concluded that there was no evidence that the indictment had not been returned in open court. Additionally, on its face, the indictment bore the signature of the grand jury foreperson, the handwritten entry of the word "true" in the space before the word "bill," and the handwritten case number. Finally, the minutes of the criminal court docket showed that the indictment was filed. Therefore, even though the indictment did not have a date or the clerk of court's signature on its face, other indicia contributed to its stamp of authenticity.[17]

3. Citing no authority in support of his claims, Polk contends that trial counsel was ineffective because he waived opening argument, did not submit requests to charge, did not interview witnesses, and failed to request a continuance to secure the attendance of mitigation witnesses. Each of Polk's complaints fall within the purview of tactical decisions made during the course of the trial, which are essentially unreviewable.[18]

"The mere waiver of an opening statement can be characterized as a trial tactic which cannot be equated to ineffective assistance of counsel."[19] Trial counsel testified that he did not submit requests to charge because the applicable law was adequately covered in the court's pattern charge. Polk points to no charge that was omitted that should have been given. "The failure to file written requests to charge does not, without more, make trial counsel ineffective."[20]

Polk maintains that his trial counsel failed to interview two of the state's witnesses: Tynika Tucker and Ray Williams. Trial counsel testified that he interviewed Tucker during the trial. Trial counsel did not interview Williams, but Polk offered no evidence at the motion for new trial hearing as to how counsel's failure to do so prejudiced his case. In the absence of prejudice, Polk's claim on this point fails as well.[21]

Finally, Polk argues that trial counsel failed to request a continuance to secure the testimony of mitigation witnesses. However, Polk offered no evidence as to the identity of those witnesses nor did he make a proffer as to their testimony. In the absence of this

---

[17] See *Ricks v. State*, 70 Ga. App. 395 (1) (28 SE2d 303) (1943) (court properly denied plea in abatement where indictment, which did not appear to have been legally returned in open court, had the stamp of authenticity on its face).

[18] *Youngblood*, supra at 329 (3).

[19] (Citations omitted.) *Futch v. State*, 151 Ga. App. 519, 520 (1) (260 SE2d 520) (1979).

[20] (Citations and punctuation omitted.) *Gomillion v. State*, 236 Ga. App. 14, 18 (3) (c) (512 SE2d 640) (1999).

[21] See *Patterson v. State*, 272 Ga. App. 675, 679 (5) (a) (613 SE2d 200) (2005).

evidence, we cannot find that counsel's failure to request a continuance was deficient or that it prejudiced Polk's case.[22]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 2005.

June Gamble Veazey, John R. Mobley II, for appellant.

C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney, for appellee.

---

[22] See *Thigpen v. State*, 248 Ga. App. 301, 303 (c) (546 SE2d 60) (2001) (no prejudice found where defendant presented no evidence that additional testimony would have altered the sentencing determination).