A09A0477. WASHINGTON v. THE STATE.
(679 SE2d 111)

ADAMS, Judge.

Tony Washington was convicted by a jury of simple assault, false imprisonment and battery with substantial visible bodily harm — family violence. He appeals following the denial of his motion for new trial, arguing in his sole enumeration of error on appeal that his trial counsel was ineffective for failing to file a demurrer to Count 3 of the indictment. We find no merit to this enumeration and, accordingly, affirm.

Count 3 of the indictment charged Washington with the offense of false imprisonment in that he "did unlawfully [and] in violation of the personal liberty of [the victim], confine said person without legal authority, contrary to the laws of [this] State. . . ." The indictment further specified that the alleged crime was committed "in the State of Georgia and County of Muscogee."

As to this crime, the evidence, construed to support the verdict showed that Washington and the victim, who was the mother of his twin boys, began arguing when the victim came home one evening. The argument escalated and Washington began throwing shoes at the victim, who was trying to leave to go to her mother's house until things cooled off. Washington pushed the victim up against the wall and then threw her in a bedroom closet. He then grabbed her out of the closet and threw her onto the bedroom floor and began punching her in the face and head, striking and cutting her with a ring that he was wearing. The victim began bleeding, and Washington stopped hitting the victim. He then dragged her into the bathroom and made her change her clothes; he also instructed the victim to sit there and not to move. The victim remained sitting on the bathroom floor for 30 to 45 minutes, during which time she requested to be taken to the emergency room because she was still bleeding. Washington put bandages on the victim's wounds and then took her by her arm and made her go back into the bedroom. There he used neckties to bind

the victim's wrists and ankles; he also taped her mouth shut with duct tape. Washington carried the victim into the living room and put her on the sofa while he gathered things in the house. He then wrapped a comforter around her and carried her to the car, placing her in the back seat. Washington went back inside the house and the victim was able to escape and run to a neighbor's house. The victim further testified that she received six stitches in the left side of her head because of the injuries Washington inflicted.

On appeal, Washington argues that his trial counsel should have filed a demurrer to the indictment because it did not specify whether the victim was falsely imprisoned in the closet, the bedroom, the bathroom, the living room or the car. But Washington does not show how he was harmed by this failure. "[T]o succeed on his ineffective assistance claim, [Washington] was required to show that his trial counsel's failure to specially demur materially impacted his ability to present a defense, thereby creating a reasonable probability that counsel's deficiency changed the outcome of the case." *Driggers v. State*, 295 Ga. App. 711, 717 (4) (a) (673 SE2d 95) (2009). Washington has thus failed to show that the trial court erred by denying his motion for new trial on this basis. See also *Stillwell v. State*, 294 Ga. App. 805, 809 (2) (f) (670 SE2d 452) (2008). Further, as we have previously noted, because a defendant can be re-indicted after the grant of a special demurrer, a failure to file such a demurrer generally will not support a finding of ineffective assistance of counsel. *Bowden v. State*, 279 Ga. App. 173, 177 (2) (630 SE2d 792) (2006); see also *Cotton v. State*, 279 Ga. 358, 361 (5) (613 SE2d 628) (2005).

Moreover, the indictment as crafted contained the essential elements of the offense of false imprisonment and properly notified Washington of the county where the offense was allegedly committed. Thus, this present case is distinguishable from cases in which the indictment has been found to be fatally defective because an essential element of the crime alleged had been omitted; in that situation trial counsel has been deemed ineffective because his failure to file a demurrer resulted in the defendant improperly being tried and convicted on a void count. *Polk v. State*, 275 Ga. App. 467, 469 (1) (620 SE2d 857) (2005).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MAY 22, 2009.

*William J. Mason,* for appellant.

*J. Gray Conger, District Attorney, LaRae D. Moore, Assistant District Attorney*, for appellee.