**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 29, 2012**

# In the Court of Appeals of Georgia

A12A1087. COLEMAN v. THE STATE.

RAY, Judge.

Edward Coleman was tried by a DeKalb County jury and convicted on August 5, 2009, of criminal attempt to commit burglary.[1] He filed a motion for new trial on general grounds in September 2009. On April 1, 2011, Coleman filed an amended motion for new trial, in which he claimed, among other things, that the indictment was defective and that his trial counsel rendered ineffective assistance of counsel by failing to file a demurrer to the indictment. The trial court disagreed, and Coleman appeals from the denial of his motion for new trial. We find no error and affirm Coleman's conviction.

---

[1] See OCGA §§ 16-4-1; 16-7-1 (b).

1. Coleman contends his criminal attempt to commit burglary conviction is void because the indictment failed to allege the essential element of intent to commit a theft. Specifically, the indictment at issue alleges the offense of "ATTEMPT TO COMMIT A FELONY," stating that Coleman

> did attempt to commit the crime of Burglary . . . in that [he] did knowingly and intentionally perform acts which constitute a substantial step toward the commission of said crime, to wit: entered the patio and attempted to pry the window of the dwelling house belonging to [the victim] located at 420 Creekview Place.

According to Coleman, the indictment was deficient because it did not contain all the essential elements of the crime of burglary. We disagree.

As an initial matter, we note that an accused may challenge the sufficiency of an indictment by filing a special or general demurrer. A special demurrer challenges the sufficiency of the form of the indictment, such as an allegation that a felony murder indictment is insufficient because it does not contain all the essential elements of the underlying crime of aggravated assault.[2] This type of demurrer seeks specificity with regard to the predicate felony, and it must be filed within 10 days after the

---

[2] See *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005).

arraignment, unless the trial court extends the time for filing.[3] A general demurrer, on the other hand, challenges the sufficiency of the substance of the indictment, such as an allegation that an indictment contains a defect on its face affecting the substance and merits of the offense charged, like a failure to charge a necessary element of a crime.[4] Because a general demurrer attacks the legality of an indictment, it may be raised any time during the trial and may even be raised after the verdict by a motion in arrest of judgment; however, a motion in arrest of judgment must be made during the term when the judgment was obtained.[5]

The record is clear in this case that Coleman did not file a special demurrer, and even if we consider Coleman's amended motion for new trial as a motion in arrest of judgment,[6] this general demurrer, filed nearly a year and a half after the jury's

---

[3] See id. 178-180 (2); *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007); OCGA § 17-7-110.

[4] See *Motes v. State*, 262 Ga. App. 728, 729 (586 SE2d 682) (2003).

[5] See id.; see also OCGA § 17-9-61 (b).

[6] We have previously held that a motion for new trial is not the proper method to attack the sufficiency of an indictment and does not provide a basis for this Court to review the indictment. See *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998). However, we have made an exception when the motion for new trial raises the ground of ineffective assistance of counsel based on counsel's failure to file a general demurrer. See *Harris v. State*, 258 Ga. App. 669, 671 (1) (574 SE2d 871)

3

verdict, was untimely. The failure to file a general or special demurrer, or a timely motion in arrest of judgment, waives any claim that could have been raised in a general or special demurrer.[7]

Even assuming, however, that Coleman could challenge the validity of the indictment on appeal, we see no fatal flaw in the indictment. An indictment shall be deemed sufficiently technical and correct to withstand a general demurrer if it "states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury."[8]

> An indictment is not subject to dismissal unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent. The issue is not whether the indictment could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. It is useful to remember that the purpose of the indictment

(2002).

[7] See *Kirt v. State*, 309 Ga. App. 227, 232-233 (3) (709 SE2d 840) (2011); see also OCGA §§ 17-7-110, 17-9-61 (b).

[8] OCGA § 17-7-54 (a).

is to allow [a] defendant to prepare his defense intelligently and to protect him from double jeopardy.[9]

The indictment in this case clearly charged that Coleman attempted to commit a burglary, not that he completed the crime. And pursuant to OCGA § 16-4-1, a person commits criminal attempt "when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Because Coleman was charged with criminal attempt, the State "was required to allege that, with an intent to commit the underlying crime, he performed some overt act toward its commission."[10] This was done, and "[t]he indictment tracks the applicable [statute] in a manner that is easily understood, and it apprised [Coleman] of both the crime and the manner in which it was alleged to have been committed."[11]

---

[9] (Punctuation and footnotes omitted.) *Davis v. State*, 281 Ga. App. 855, 857 (1) (637 SE2d 431) (2006).

[10] (Citation omitted.) *State v. Marshall*, 304 Ga. App. 865, 866-867 (698 SE2d 337) (2010) (indictment language in criminal attempt to entice a child for indecent purposes charge deemed sufficient to withstand special demurrer alleging the indictment failed to charge the defendant's criminal intent because it tracked the language of the statute).

[11] *Davis*, supra at 859 (1); see also *Livery v. State*, 233 Ga. App. 332, 336 (2) (503 SE2d 914) (1989) (indictment language in criminal attempt to commit child molestation charge deemed sufficient to withstand general demurrer alleging the indictment failed to charge the defendant's criminal intent because it mirrored the language of the criminal attempt statute).

If Coleman admitted the allegations precisely as set forth in the indictment, he would be guilty of criminal attempt to commit burglary.

While it is not explicitly stated in the indictment that Coleman intended to commit a burglary when he entered the patio and attempted to pry open the window of the victim's dwelling, such intent is necessarily inferred from the allegation that Coleman "attempted" to commit the crime of burglary by "knowingly and intentionally" performing acts which constitute a substantial step toward the commission of the crime.[12] Considering the allegations of the indictment as a whole,[13] "[t]here can be no reasonable doubt that [Coleman] was sufficiently informed of the charges against him and also protected from subsequent prosecution for the same crime."[14] Thus, the indictment is not defective, and the trial court did not err in denying Coleman's motion for a new trial on this ground.

2. Coleman also contends that his trial counsel was ineffective for failing to file a special or general demurrer to the attempted burglary charge in the indictment. In order to prevail on a claim of ineffective assistance of counsel, Coleman must prove

---

[12] See *Marshall*, supra at 868.

[13] See *Beals v. State*, 288 Ga. App. 815, 816 (1) (655 SE2d 687) (2007).

[14] *Campbell v. State*, 223 Ga. App. 484, 486 (3) (477 SE2d 905) (1996).

6

both that the performance of his trial lawyer was deficient and that he was prejudiced by this deficient performance.[15] To prove that the performance of his lawyer was deficient, Coleman must show that his lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms.[16] To prove that he was prejudiced by the performance of his lawyer, Coleman must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[17] This burden, although not impossible to carry, is a heavy one.[18]

In this case, pretermitting whether Coleman is able to demonstrate deficiency in his trial counsel's failure to file a special demurrer to the indictment, he is unable to establish prejudice.

---

[15] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (A) (104 SC 2052, 80 LE2d 674) (1984).

[16] See id at 687-688 (III) (A); see also *Kimmelman v. Morrison*, 477 U. S. 365, 381 (II) (C) (106 SC 2574, 91 LE2d 305) (1986).

[17] *Strickland*, supra at 694 (III) (B); see also *Williams v. Taylor*, 529 U. S. 362, 391 (III) (120 SC 1495, 146 LE2d 389) (2000).

[18] See *Kimmelman*, supra at 382 (II) (C).

A defendant is entitled to be tried on an indictment that is perfect in form. And, if an indictment is imperfect, a defendant may file a special demurrer challenging the form of the indictment. If no special demurrer is filed, any error in the indictment's form is waived. If the demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant. Thus, even if [Coleman's] attorney had filed a demurrer, it would not have prevented the State from reindicting and trying [Coleman]. And [Coleman] does not argue that the imperfect indictment prejudiced his defense in any way. Under these circumstances, [Coleman] has failed to show that he was prejudiced by his attorney's failure to file such demurrer.[19]

Likewise, Coleman is unable to establish the prejudice necessary for us to find that his trial counsel was deficient for failing to file a general demurrer to the indictment. As we found in Division 1, the indictment in this case properly alleged the intent to commit the specific offense of burglary, as required by the defining language of the criminal attempt statute. Moreover,

when trial has been had before the appellate court reviews the merits of the motion to quash, where no prejudice to defendant has occurred though the indictment (or accusation or citation) is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice. Convictions are no longer reversed because of minor and technical deficiencies which do not prejudice the accused. Upon a proceeding after verdict, no prejudice being shown, it is enough

---

[19] (Citation and punctuation omitted). *Cuzzort v. State*, 307 Ga. App. 52, 56-57 (2) (b) (703 SE2d 713) (2010). Accord *Jackson v. State*, __ Ga. App. __ (6) (a) (730 SE2d 69) (2012); *White v. State*, 312 Ga. App. 421, 429 (3) (a) (718 SE2d 335) (2011).

that necessary facts appear in any form, or by fair construction can be found within the terms of the indictment (or accusation or citation). Thus a defendant who was not misled to his prejudice by any imperfection in the indictment (or accusation or citation) cannot obtain reversal of his conviction on that ground.[20]

Here, the trial court charged the jury on the allegations of the indictment and stressed that "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt" and "[t]he burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged." The court further charged the jury on the legal definitions of criminal attempt and burglary:

> A person commits criminal attempt to commit burglary when, with intent to commit burglary, that person performs any act that constitutes a substantial step toward the commission of the crime of burglary. A person commits the offense of burglary when, without authority, that person enters any dwelling house of another with intent to commit a theft."

The court gave the following charge regarding criminal intent:

---

[20] (Punctuation and footnote omitted.) *Kain v. State*, 287 Ga. App. 45, 48-49 (2) (650 SE2d 749) (2007); see also *State v. Eubanks*, 239 Ga. 483, 488-489 (238 SE2d 38) (1977); *State v. Grube*,315 Ga. App. 885, 888(2) (729 SE2d 42) (affirmed trial court's dismissal of indictment, but stated, "[h]ad this case proceeded to trial and verdict under the current indictments, we do not believe that reversal would be necessary . . . since it is apparent that [the defendant] understands the nature of the charges against him based on information gleaned from sources other than the indictment itself") (citation and punctuation omitted).

A crime is a violation of a statute of this State in which there is a union and joint operation of an act, or omission to act, and intention. Intent is an essential element of any crime and must be proven by the State beyond a reasonable doubt. A person will not be presumed to act with criminal intent, but you, the jury, may find intention, or the absence thereof, upon a consideration of the words, conduct, demeanor, motive and other circumstances connected with the act for which the defendant is being prosecuted.

The facts of this case as demonstrated by the weight of the evidence introduced at trial were not kind to the defendant. Coleman was not prejudiced by the wording of the indictment,[21] and his trial counsel cannot be found ineffective.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[21] *Kain*, supra at 49 (2).