308 Ga. 836
FINAL COPY

S19G0967.  THE STATE v. HEATH.

MᴄMɪʟʟɪᴀɴ, Justice.

After a jury trial, Kristine Heath was found guilty of homicide by vehicle in the first degree based on reckless driving; homicide by vehicle in the second degree; five counts of serious injury by vehicle; and failure to stop at a stop sign. The Court of Appeals reversed Heath's convictions, except for the stop sign conviction, after concluding that trial counsel rendered ineffective assistance by failing to demur to the fatally defective felony counts in the indictment. See *Heath v. State*, 349 Ga. App. 84, 89 (2) (825 SE2d 474) (2019). We granted the State's petition for certiorari and posed a single question:

> Did the Court of Appeals err in holding that trial counsel's failure to file a general demurrer resulted in prejudice under *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984)? Compare *Walker v. State*, 329 Ga. App. 369 (3) (a) (765 SE2d 599) (2014), with *Everhart v. State*, 337 Ga. App. 348 (3) (a) (786 SE2d 866) (2016); *Youngblood v. State*, 253 Ga. App. 327 (3)

(558 SE2d 854) (2002).

For the reasons set forth below, we conclude that the Court of Appeals did not err; therefore, we affirm the judgment below.

The Court of Appeals set out the evidence presented at the trial of the case, when viewed in the light most favorable to the verdicts, as follows:

> Heath was attending a family reunion at Clarks Hill Lake the weekend of June 17, 2011. She arrived Friday evening.
>
> Heath and her group left to go to a restaurant for dinner. Heath drove the group in her vehicle, traveling on Ridge Road toward its intersection with Washington Road three or four miles away. The intersection is governed by a stop sign.
>
> Heath was driving about forty miles per hour, five miles below the posted speed limit. She rounded the last curve before the intersection, drove a 220-foot straightaway, and then ran the stop sign without slowing down; she never applied the brakes.
>
> Heath collided with a Jeep Cherokee traveling on Washington Road in which a driver and five passengers were riding. In the collision, the driver of the Cherokee injured her knees, broke her ankle, broke ribs, and suffered lacerations to her liver. One of the passengers damaged her spleen and liver, bruised her heart, punctured a lung, and broke ribs. A second passenger in

the Cherokee broke pelvic bones and fractured an eye socket.

In Heath's vehicle, one passenger was killed. A second passenger suffered a crushed pelvis and a separation between his sacrum and hip, and lacerated his liver and a kidney. A third passenger broke his pelvis and suffered a contusion to his head.

*Heath*, 349 Ga. App. at 85 (1).

Heath was charged with homicide by vehicle in the first degree based on reckless driving; homicide by vehicle in the first degree based on driving under the influence of alcohol; six counts of serious injury by vehicle based on reckless driving and driving under the influence of alcohol; failure to stop at a stop sign; and violation of the open container law. Just prior to the start of trial, the trial court granted the State's request for entry of nolle prosequi on the open container count and one count of serious injury by vehicle. The jury found Heath guilty of all the remaining charges except for the count of homicide by vehicle in the first degree based on driving under the influence, where the jury instead found Heath guilty of the lesser-included offense of homicide by vehicle in the second degree. At

sentencing, the trial court merged Heath's convictions for homicide by vehicle in the second degree and failure to stop at a stop sign into her conviction for homicide by vehicle in the first degree and, following a motion to amend the sentence, ultimately sentenced Heath to serve a total of 15 years in prison followed by 15 years on probation.

Heath appealed her convictions to the Court of Appeals, arguing, as she does here, that the felony offenses charged in the indictment were fatally defective and that trial counsel rendered ineffective assistance by failing to challenge the indictment in a general demurrer. The Court of Appeals determined that the felony counts of the indictment were void for failure to sufficiently allege the predicate offenses underlying the charges and thus concluded that trial counsel performed deficiently in failing to challenge the felony counts with a general demurrer and that this failure was prejudicial to Heath's case. *Heath*, 349 Ga. App. at 87-90 (2). We granted certiorari to consider whether the Court of Appeals erred in concluding that *Strickland* prejudice resulted from trial counsel's

failure to file a general demurrer.

The State conceded at oral argument that each count in the indictment, except failure to stop at a stop sign, was subject to a valid general demurrer.[1] The State also agreed with the Court of Appeals' determination that had trial counsel properly raised a general demurrer after jeopardy attached, the felony charges would have been dismissed, and that counsel's failure to do so resulted in Heath's convictions and incarceration for crimes set forth in a largely void indictment. Nonetheless, the State maintains that Heath was not prejudiced by this failure because she had sufficient notice of the facts underlying the charges such that she could mount a defense and because the State presented evidence from which the jury found that Health was guilty of the charges beyond a reasonable doubt. We disagree.

To succeed on her claim of ineffective assistance of counsel,

---

[1] The State also sought certiorari on whether the Court of Appeals erred in concluding that the counts in the indictment predicated on reckless driving were fatally defective, but we did not grant certiorari on that issue.

Heath must prove both that her counsel's performance was professionally deficient and that she was prejudiced by the deficient performance. See *Strickland*, 466 U.S. at 687-88 (III) (A), 694 (III) (B). To satisfy the prejudice prong of the *Strickland* test, Heath "must demonstrate a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different." *Davis v. State*, 306 Ga. 140, 144 (3) (829 SE2d 321) (2019) (citation and punctuation omitted).

Because we granted certiorari to consider only the question of *Strickland* prejudice, and indeed the State has conceded deficiency, we first address the State's argument that Heath was not prejudiced because she had sufficient notice of the allegations underlying the charges and the provisions under which she was charged, so there is not a reasonable probability that the result of the trial would have been different. For purposes of a general demurrer, however, it matters not that the defendant has notice of the charges. That is because "a general demurrer challenges the *substance* of the indictment and asserts that the indictment is fatally defective and

incapable of supporting a conviction." *Williams v. State*, 307 Ga. 778, 782 (2) n.6 (838 SE2d 235) (2020) (citation and punctuation omitted). If a defendant can admit each and every fact alleged in the indictment and still be innocent of any crime, the charge is subject to a general demurrer. Id.

There can be no doubt in this case that, absent trial counsel's failure to raise a general demurrer after jeopardy attached, the result of the trial would have been more favorable to Heath. She would not have been convicted under the indictment of any of the seven felonies. The State's lack of prejudice argument rests on the faulty premise that it does not matter if the indictment is invalid in substance so long as the defendant had sufficient notice of the charges. But the lack of notice of the charges or allegations goes to the *form* of the indictment, which is challenged by a special demurrer, rather than a general demurrer. See *Williams*, 307 Ga. at 782 (2) ("A special demurrer is a pretrial remedy that allows the defendant to challenge the *form* of the indictment (as opposed to its substance) and to seek greater specificity or more information about

the charges." (citations omitted)); *Kimbrough v. State*, 300 Ga. 878, 881 (2) (799 SE2d 299) (2017) ("[W]hen a court considers whether an indictment is sufficient to withstand a special demurrer, it is useful to remember that a purpose of the indictment is to allow a defendant to prepare her defense intelligently." (citation and punctuation omitted)). Here, the felony counts in the indictment were indisputably void and subject to a general demurrer.

The State also argues, however, that Heath was not prejudiced because had a general demurrer been granted, the State would have corrected its error and re-indicted Heath, and it is reasonably probable that the second trial would have had the same result as the first. We are not persuaded. We first note that because a general demurrer challenges the validity of the indictment, a general demurrer may be raised after jeopardy has attached and at any time during trial.[2] See *Allen v. State*, 300 Ga. 500, 502 (2) (796 SE2d 708)

[2] A general demurrer may also be raised in the form of a motion in arrest of judgment after a verdict in the same term of court. See *State v. Eubanks*, 239 Ga. 483, 485-86 (238 SE2d 38) (1977) ("[A] motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real

(2017). In contrast, a special demurrer must be brought before trial, or it is waived. See OCGA § 17-7-113 ("All exceptions which go merely to the form of an indictment or accusation shall be made before trial."); *Miller v. State*, 305 Ga. 276, 281 (3) (824 SE2d 342) (2019) ("Such an argument must be brought before trial, or it is waived."); *Dasher v. State*, 285 Ga. 308, 310 (2) (676 SE2d 181) (2009) ("The failure to file a timely special demurrer seeking additional information constitutes a waiver of the right to be tried on a perfect indictment."). Because a special demurrer must be brought before jeopardy attaches, the State can usually re-indict before trial unless the statute of limitations for the crimes with which the defendant was charged bars the prosecution, see OCGA § 17-3-1, or the re-indictment is prohibited under OCGA § 17-7-53.1, which disallows prosecution after two indictments charging the same offenses have been quashed. See *Bighams v. State*, 296 Ga. 267, 270-71 (3) (765 SE2d 917) (2014). Thus, when the State is not

merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime." (citation and punctuation omitted)).

barred from re-indicting after the grant of a special demurrer, the failure to file such a demurrer will generally not support a finding of ineffective assistance of counsel. Id.

Setting aside the issue of whether a re-indictment would be barred by Double Jeopardy in this case, the State's argument for no prejudice suffers from a fundamental flaw: presuming that upon re-indictment, Heath would have been convicted after a second trial. However, even assuming that the State could have re-indicted, the *Strickland* inquiry does not consider the likelihood of a future outcome at a different trial, but rather whether there is a reasonable probability that the result of *this trial* would have been different.[3] See, e.g., *Kennebrew v. State*, 299 Ga. 864, 874 (2) (c) (792 SE2d 695) (2016) (when defendant has carried his burden to show that his trial counsel provided ineffective assistance, his convictions must be reversed even though the State may choose to retry him). Again, there is no doubt that this trial would not have resulted in a

---

[3] Our analysis is limited to resolving Heath's ineffective assistance of counsel claim, and we express no opinion as to next steps, if any, for the State in the prosecution of this case.

conviction on the felony charges if a general demurrer had been asserted. Thus, the Court of Appeals properly concluded that Heath has shown prejudice from her counsel's failure to file a general demurrer after jeopardy attached.

Consistent with our opinion today, the Court of Appeals has held that trial counsel's failure to raise a general demurrer to a void count in the indictment can constitute ineffective assistance of counsel, and such ineffective assistance warrants reversal of the conviction on the void count. See, e.g., *Everhart v. State*, 337 Ga. App. 348, 355 (3) (a) (786 SE2d 866) (2016) ("Accordingly, Everhart's trial counsel's failure to challenge this count constitutes deficient performance, contributed to Everhart's conviction on a void count, and therefore harmed Everhart and prejudiced his case."); *Youngblood v. State*, 253 Ga. App. 327, 328-29 (3) (558 SE2d 854) (2002) ("Counsel's failure to challenge the validity of the indictment contributed to Youngblood's felony conviction on a void count and . . . therefore, harmed Youngblood and prejudiced his defense.").

However, in *Walker v. State*, 329 Ga. App. 369 (765 SE2d 599)

(2014), the Court of Appeals concluded that the failure of trial counsel to raise a valid general demurrer does not constitute ineffective assistance of counsel when the "defendant was not misled to his prejudice by any imperfection in the indictment." Id. at 373-74 (3) (a). In so ruling, *Walker* erroneously relied on *Coleman v. State*, 318 Ga. App. 478 (735 SE2d 788) (2012), which addressed an ineffective assistance of counsel claim in the context of both a special and general demurrer, to characterize the failure to file a valid general demurrer as a "minor and technical" deficiency. See *Walker*, 329 Ga. App. at 374 (3) (a). We, thus, overrule *Walker* and *Coleman* to the extent that they hold that for purposes of considering an ineffective assistance of counsel claim, the failure to assert a valid general demurrer cannot prejudice a defendant when the defendant had sufficient notice of the charges.[4]

Having concluded that Heath has demonstrated prejudice

---

[4] We also disapprove of any other Court of Appeals cases to the extent that they analyze an ineffective assistance claim based on failure to raise a general demurrer under the test of whether the defendant was misled to his prejudice by an imperfection in the indictment.

under *Strickland*, we affirm the Court of Appeals' reversal of the trial court's denial of Heath's motion for new trial as to the vehicular homicide and serious-injury-by-vehicle convictions.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2020.

Certiorari to the Court of Appeals of Georgia — 349 Ga. App. 84.

*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney*, for appellant.

*Brian Steel*, for appellee.